## In re PENN CENTRAL TRANSPORTATION COMPANY, Debtor.

### Application of Certain LABOR ORGANIZATIONS.

#### No. 70-347.

United States District Court,
E. D. Pennsylvania.
April 28, 1971.

Edwin P. Rome, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., Robert W. Blanchette, Philadelphia, Pa., for Trustees of the Penn Central Transportation Co.

Thomas P. Shearer, Pittsburgh, Pa., for United Transportation Union.

Geoffrey N. Zeh, Mulholland, Hickey & Lyman, Washington, D. C., for Congress of Railway Unions and Railway Labor Executives Assn.

## MEMORANDUM OPINION AND ORDER

### (RE: APPLICATION OF CERTAIN LABOR ORGANIZATIONS)

FULLAM, District Judge.

On November 16, 1970, a consolidated hearing was held to consider various applications for intervention in these proceedings. Among the applications considered were those of the Railway Labor Executives Association ("RLEA"), representing 15 named labor unions (Document No. 381) and the Congress of Railway Unions ("CRU") representing six other labor unions (Document No. 459). By Order No. 134, entered January 25, 1971, both of these applications were granted, and RLEA and CRU were permitted to intervene generally in these proceedings. Together, they represent all of the labor unions which represent employees of the Debtor, and, through them, represent all of the Debtor's union employees. Such representation was specifically alleged in the respective applications for intervention, and the fact that the rights of the organized employees of the Debtor were likely to be affected by actions taken and orders entered in these proceedings was asserted as the reason for permitting intervention.

By petition filed March 31, 1971, and supplements thereto filed on April 12, 1971 and April 19, 1971, the Trustees sought the approval of this Court of a proposed contract with Amtrak pursuant to the Rail Passenger Service Act of 1970 (P.L. 91–518, 84 Stat. 1327, 45 U. S.C. § 501 et seq.). By order entered March 31, 1971 (Order No. 212), the Court fixed April 20, 1971 as the date of hearing on this application, and directed that notice thereof be given to all parties to the proceedings. Pursuant to Order No. 212, both RLEA and CRU were served with copies of the Trustees' petition and its supplements, together with notice of the hearing.

Hearing on the Trustees' petition commenced as scheduled on April 20, 1971. The hearing was ultimately recessed until April 23, 1971, on which date it was concluded. Neither RLEA nor CRU appeared at either hearing or participated in the proceedings. Thereafter, by Order No. 238, entered April 27, 1971, 329 F.Supp. 477, this Court approved the proposed contract between the Trustees and Amtrak. The labor protective provisions of this contract were referred to in the Trustees' petition and its sup-

plements, and were the subject of considerable testimony and discussion in the course of the hearings.

It now appears that on April 23, 1971, RLEA and CRU, as plaintiffs, filed an action in the United States District Court for the District of Columbia, Civil Action No. 825–71, seeking, *inter alia*, a declaratory judgment that "the contracts proposed to be executed or recently executed by the defendant National Rail Passenger Corporation and the defendant railroads pursuant to § 401(a)(1) of the Rail Passenger Service Act of 1970 are invalid", and a preliminary injunction against implementation of these contracts. The action purports to be a class action on behalf of all railroad employees covered by collective bargaining agreements. Named as defendants, in addition to the Secretary of Labor and Amtrak, are three Class I railroads (Baltimore & Ohio, Chesapeake & Ohio and Seaboard Coast Line), each of which "is sued both individually and as a representative of an undetermined number of [Class I] carriers by railroad in the United States, pursuant to Rule 23(a) of the Fed.R.Civ.P., which are or have proposed to become, parties to the contract which gives rise to this verified complaint  *  *  *."

Late in the afternoon of April 27, 1971, after the entry of Order No. 238, this Court received telegraphic notice by RLEA and CRU of their intention to apply to the Court on Wednesday, April 28, 1971, for permission to include the Debtor as a member of the class of defendants in the District of Columbia action. On April 28, 1971, during or shortly before a scheduled hearing on the Trustees' petition for formal approval by this Court of the discontinuance of intercity trains pursuant to the contract, RLEA and CRU formalized their requests, by means of answers to the Trustees' petition for discontinuance, and amplified their requests orally in the course of the hearing.

In addition to Order No. 1 in these proceedings, this Court had previously, on April 16, 1971, entered Order No. 232, accompanied by an opinion, enjoining all persons generally "until further order of this Court, from instituting or maintaining any litigation directly affecting the continuance or discontinuance of passenger trains covered by the National Rail Passenger Service Act of 1970, 45 U.S.C. § 501 et seq., in any court other than this Court, or without first obtaining leave of this Court to do so." The stated purpose, and intended effect, of this order was to enable the Trustees and this Court to make valid judgments with respect to the advisability of approving the proposed contract with Amtrak, fully apprised of all relevant information.

While there are strong indications that RLEA and CRU intended to include the Debtor among the class defendants in the District of Columbia action, and that the present application for permission to do so represents merely an afterthought, I shall accept at face value their counsel's representation that they do not regard the Debtor as being sued in that action, and do not intend to proceed against the Debtor therein, unless authorized to do so. On that basis, the issue is whether or not such permission should be granted.

As parties to these reorganization proceedings, with full notice and opportunity to be heard, RLEA and CRU are bound by the judgment of this Court as represented in Order No. 238. On principles of *res judicata,* estoppel, and laches, they should not now be permitted to raise, for the first time, issues which could have been raised at the hearings on April 20 and 23, and which would obviously have a direct bearing upon the advisability of approving the contract. The contracting parties, and this Court, had a right to rely upon the certification of the Secretary of Labor and the labor protective provisions thereby approved, as the basis for determining whether the contract was or was not in the best interests of the Debtor's estate. The time to challenge the sufficiency or legality of these provisions was before the contract was approved. Having silently ac-

quiesced in permitting the parties to make binding commitments, these organizations cannot be allowed to rewrite the contract.

RLEA and CRU have not sought reconsideration by this Court of Order No. 238. To the extent that their present applications might arguably be viewed in that light, they come too late, and, in any event, are unsupported by valid reasons for reconsideration.